[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 715 
The appellant, William Mark Myrick, was found guilty of three counts of unlawful distribution of a controlled substance. The trial court sentenced him on each conviction to two years' imprisonment and added two five-year sentence enhancements, imposed pursuant to §§ 13A-12-250 and -270, Ala. Code 1975. The court ordered that the appellant's three sentences were to run concurrently.
At trial, undercover narcotics officer Barry Bemis testified that, on July 8, 1996, he purchased approximately two grams of cocaine from the appellant for $100; the purchase was made at the appellant's apartment. The following day, he said, he again purchased approximately two grams of cocaine from the appellant at the apartment. On July 19, Bemis said, he made a third buy of cocaine from the appellant for $100; this buy was made at a location in Shelby County. On August 8, Bemis made a fourth purchase of approximately two grams of cocaine from the appellant at the appellant's apartment. On September 11, Bemis purchased approximately four grams of cocaine from the appellant for $200. Bemis said that he gave the appellant the money at a store near the appellant's apartment and that he then picked up the cocaine from the appellant's apartment. Three experts identified the substances sold to Bemis as cocaine.
 I.
The appellant contends that the trial court erred when it "robbed [the] defendant of his affirmative defense of entrapment." He argues that the court should have excluded audiotapes of the cocaine sales because, he says, those tapes were not disclosed to him until the day before trial. In the alternative, he says, the court should have granted him a continuance to allow time to review the tapes. He argues that the prosecutor, in essence, stated that if the appellant argued entrapment, the prosecutor would use the tapes against him. He further argues that, had he been able to assert an entrapment defense, evidence that he was an agent for a buyer would have come to light.
The record reveals that the prosecutor informed the trial court on the first day of trial that he was unable to locate the State's file until July 23, 1999. He then notified the appellant's counsel, and counsel reviewed the file on August 6. Counsel noticed in the file a reference to an audiotape, and he requested to be allowed to review the tape. The prosecutor was not given access to any audiotapes until the day before trial, at which time he contacted counsel and offered to meet with him to review the tapes. Counsel declined the offer. The following day — the first day of trial — counsel moved for a continuance and also to suppress the tapes. The prosecutor offered not to use the tapes in his case-in-chief and to use them subsequently only if the appellant took the stand and made a false statement or an insinuation concerning the information on the tapes. The trial court then ordered the prosecutor to allow counsel to review the tapes "sometime this morning after we have struck this jury."
Rule 16.5, Ala.R.Crim.P., provides that, when a trial court learns of a party's noncompliance with discovery requirements, the court may order the discovery, may grant a continuance, may exclude the undisclosed evidence, or may enter such other order as the court deems just under the circumstances. Here, the appellant did *Page 716 
not state any ground for excluding the tapes or for a continuance other than the fact of noncompliance, after which, the trial court ordered the discovery at the earliest practical opportunity. The record reveals that the defense did not begin its case until almost 2:00 p.m., at which time, according to the trial court's order, the appellant's counsel had had an opportunity to review the audiotapes. Counsel did not renew his request for exclusion or a continuance before he proceeded, nor did he offer any further grounds in support of exclusion or a continuance.
The appellant has failed to show that he was prejudiced in any way by the late disclosure of the audiotapes. The trial court's refusal to exclude the tapes was not, therefore, an abuse of discretion. Price v. State 725 So.2d 1063 (Ala. 1998). A judgment will not be reversed on the ground of improper admission of evidence, unless the error complained of has probably injuriously affected substantial rights of the parties. Rule 45, Ala.R.App.P.
 II.
The appellant contends that the trial court erred in allowing the State to introduce evidence of other crimes allegedly committed by him because, he says, the prosecutor did not provide him with reasonable pretrial notice that he would be using such evidence, as required by Rule 404(b), Ala.R.Evid. He argues that he was not notified that evidence would be presented with regard to the cocaine sales of July 19 and September 11 until the day of trial and that the State did not offer any evidence or argument upon which the court could excuse the notice requirement "for good cause shown."
On the first day of trial, before the voir dire examination of the prospective jurors, a motion hearing was held wherein the appellant moved to prevent the State from making mention of certain tapes of prior drug transactions involving the appellant. The appellant also requested a continuance based on the alleged inadequate amount of time he had to review the tapes. In making his motion for continuance, based on inadequate discovery, defense counsel stated that the district attorney had informed him that his file, which mentioned those tapes, was not located until the week before trial and that defense counsel was given certain discovery, apparently including the tapes, the morning of the hearing. The prosecutor stated that he had been unable to locate his file until approximately two weeks before the hearing and that he then invited defense counsel to meet with him "at a time of our mutual convenience for an open-file discovery process." The prosecutor stated that they met four days before the hearing, at which time the prosecutor gave defense counsel his file. He stated that the file clearly indicated the existence of the tapes and also included the chain of custody concerning them. The prosecutor further stated that he did not have access to the tapes until the day before the hearing, at which time he telephoned defense counsel at approximately 5:00 p.m. in order to make arrangements to provide him with the tapes. The prosecutor further stated that he had offered to meet defense counsel at 8:30 p.m. on the evening before the hearing, but that defense counsel had stated that that was too late to provide him with any help. The prosecutor testified that there were five tapes and that he had listened to two on the morning of the hearing, the second of which was unintelligible. Defense counsel stated that, when he met with the prosecutor four days before the hearing, he had requested the tapes and that he and the prosecutor had again spoke of the tapes *Page 717 
the day before the hearing. He stated that the prosecutor had told him at that time that he could not provide him with the tapes until the morning of the hearing. The trial court then asked defense counsel whether he had attempted to listen to any of the tapes that morning, to which the defense counsel responded that he had been in the courthouse for only 30 minutes. The trial court responded that the defense counsel should be allowed to listen to the tapes after the jury was struck. He then asked about the length of the tapes, and the prosecutor responded that the two he had listened to were each approximately five minutes in duration. The trial court then denied the motion for continuance.
In response to the motion in liminine concerning the State's production of the tapes, the State indicated that it did not intend to introduce the tapes and that it would only do so if the appellant were to take the stand and give testimony contradictory to the information contained in the tapes; thus, the tapes would be used only for purposes of impeachment of any testimony by the appellant. The trial court responded that the tapes would be considered if the State attempted to offer them. During the State's case, Sgt. Bemis testified, without objection, concerning the sale of July 8. He then testified concerning the July 9 sale and the appellant made the following objection: "Getting back to the discovery issue, we have not been informed of any transaction on this day or any allegation of a transaction on that day." The trial court overruled the objection, and Bemis proceeded to testify concerning the uncharged sale on July 19. The appellant's counsel then stated, "Your Honor, we again object. We have not been given any prior notice of this transaction. We move that it be suppressed and stricken from the record." The trial court overruled counsel's motion. Counsel did not thereafter object to, Bemis's testimony concerning either the sale of August 8 or the uncharged sale of September 11.
Because defense counsel had knowledge of the existence of the tapes for approximately a week before trial and because he was given the opportunity to hear the tapes before the trial actually commenced and, furthermore, because the prosecutor explained that he did not have possession of his file or the tapes until the times previously indicated, there was no violation of Rule 404(b), Ala.R.Evid. Defense counsel was given reasonable notice of the existence of the tapes under the circumstances and was given an opportunity to review the tapes before trial. Therefore, this argument is without merit.
 III.
The appellant contends that the trial court abused its discretion by admitting evidence relating to the two uncharged drug sales because, he says, that evidence was not material or relevant and its prejudicial impact substantially outweighed its probative value. He also contends that, because he had not been arrested or convicted for these sales, the evidence was not sufficiently plain, clear, or conclusive to permit its introduction.
As set out in Part II of this opinion, the appellant objected at trial to the introduction of the uncharged sales only on the ground that the prosecutor had not complied with discovery. That objection waived the additional grounds of prejudice and clarity he now seeks to assert on appeal. Brown v. State, 705 So.2d 871,874-75 (Ala.Crim.App. 1997). The additional grounds will not be considered by this court on appeal. Eastland v. State,677 So.2d 1275 (Ala.Crim.App. 1996). *Page 718 
 IV.
The appellant contends that the mandatory enhancement provisions of §§ 13A-12-250 and -270, Ala. Code 1975, violated his right to due process, his right to trial by jury, and his other constitutional guarantees. He also contends that these provisions take away the trial court's sentencing authority and fail to inform the jury of the consequences of its decision.
A review of the record reveals that the appellant's contentions were not preserved for review. The appellant did not state any objection at the sentencing hearing and also did not include this issue in his motion for a new trial. This court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court. Eastland v. State, supra.
 V.
The appellant contends that certain Alabama rules of procedure require appellate counsel to represent a defendant on appeal without the benefit of a trial transcript and are, therefore, unconstitutional. Specifically, he argues that Rule 11, Ala.R.App.P., and Rule 24.1(b), Ala.R.Crim.P., violate a defendant's due process rights because, he says, they place a defendant in the position of having to move for a new trial without the benefit of a trial transcript.
The appellant's argument cannot be considered by this court because it was not preserved for review. Eastland v. State, supra. The appellant did not raise this issue at trial, and his motion for a new trial stated only that the "Defendant reserves the right to amend his grounds for new trial upon receipt of the trial transcript." The record reflects that no such amendment was filed.
 VI.
The appellant contends that the trial court erred in denying him the opportunity to question State witness Danny Kirkpatrick prior to admitting Kirkpatrick as an expert. He argues that the court's refusal "kept Trial Counsel from presenting issues that would have been integral to the Trial Court's ruling."
The record reveals that, after the State had introduced evidence of Kirkpatrick's qualifications and had moved to admit him as an expert, the trial court responded, "All right." The appellant's counsel then asked, "Judge, may I ask a question before we admit him as an expert?" The court replied, "No, sir," and the counsel stated, "I would object, then."
Objections to the admission of evidence must be made when the evidence is offered, along with specific grounds to allow the trial court to rule. Jelks v. State, 411 So.2d 844
(Ala.Crim.App. 1981). Here, the appellant failed to state any specific ground upon which he wanted to question the witness or upon which the witness should not have been qualified as an expert. Moreover, any error would have been harmless as the appellant has not shown that any substantial right was injuriously affected because the trial court refused to allow him to question the witness. Rule 45, Ala.R.App.P.
 VII.
A review of the record reveals that the mandatory penalties set out in § 13A-12-280, Ala. Code 1975, the Demand Reduction Assessment Act, were not imposed as part of the sentence prescribed by the trial court. This cause therefore must be remanded to the trial court, with instructions to take such action as necessary *Page 719 
to impose the penalties mandated by the statute. A return should be filed with this court within 21 days of the issuance of this opinion.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and Cobb and Fry, JJ., concur. Baschab, J., concurs in the result.
* Note from the reporter of decisions: On September 22, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 3, 2000, that court denied rehearing, without opinion. On January 12, 2001, the Supreme Court denied certiorari review, without opinion (1000344). *Page 720