[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1276 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1277 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1278 
Robert Lance Coral, currently an inmate on death row at Holman Correctional Facility, appeals the circuit court's dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
In September 1989, Coral was convicted of capital murder and murder for killing Nancy Burt during the course of a burglary. The jury recommended, by a vote of 8 to 4, that Coral be sentenced to life imprisonment without the possibility of parole. The trial court overrode the jury's recommendation and sentenced Coral to death. On appeal, we remanded the case for the trial court to enter specific written findings concerning the existence of any aggravating and mitigating circumstances. See Coral v.State, 585 So.2d 248 (Ala.Crim.App. 1991). On return, we again remanded the case for the trial court to correct its sentencing order and to set aside Coral's conviction for murder because it was encompassed in the capital-murder conviction. See Coral v.State, 628 So.2d 954 (Ala.Crim.App. 1992). On return to second remand, Coral's capital-murder conviction and sentence to death were affirmed. See Coral v. State, 628 So.2d 988 (Ala.Crim.App. 1992), aff'd, 628 So.2d 1004 (Ala. 1993), cert. denied,511 U.S. 1012, 114 S.Ct. 1387, 128 L.Ed.2d 61 (1994). This Court issued the certificate of judgment on September 14, 1993.
On September 1, 1995, Coral filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P.[1] Within 30 days the State moved for a partial dismissal of claims it alleged failed to comply with the specificity requirements of Rule 32.6(b), Ala.R.Crim.P. On April 3, 1996, the circuit court held a hearing on the State's motion. That same day the circuit court entered an order allowing Coral 60 days to amend his petition.[2] On June 4, 1996, Coral filed an amended petition. The State filed its answer and again moved for a partial dismissal. A hearing on the State's motion was held on July 1, 1996. During the hearing, the circuit court dismissed the majority of Coral's ineffective-assistance-of-counsel claims. (Supplemental record, p. 18.) It allowed two ineffective-assistance claims to proceed. The circuit court gave both parties 10 days to address those remaining two claims of ineffective assistance of counsel. The State responded and filed a proposed order denying relief. Coral did not respond to the circuit court's order. However, on September 4, 1996, Coral filed a second amended petition. From September 1996 until August 2001 *Page 1279 
no motions were filed by either party.[3] On August 30, 2001, the State moved that the circuit court deny postconviction relief. By order dated September 28, 2001, the circuit court denied the postconviction petition. This appeal followed.
This is an appeal from the denial of a collateral petition attacking Coral's death sentence. When reviewing Coral's direct appeal we applied a plain-error standard of review. See Rule 45A, Ala.R.App.P. We do not apply a plain-error standard when reviewing the denial of a Rule 32 petition in a death case. Hillv. State, 695 So.2d 1223 (Ala.Crim.App. 1997). We apply an abuse-of-discretion standard when evaluating the circuit court proceedings. Reed v. State, 748 So.2d 231 (Ala.Crim.App. 1999). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed, 748 So.2d at 233. The procedural default grounds contained in Rule 32 apply to all cases — even those in which the death penalty has been imposed. Hooks v. State, 822 So.2d 476
(Ala.Crim.App. 2000).
The State's evidence at Coral's trial tended to show that on September 19, 1987, Tracey Headley discovered the body of his girlfriend, Nancy Burt, in their apartment in Montgomery. She had been shot in the head. An autopsy revealed that Burt had been beaten before she was shot. The coroner testified that Burt died from the gunshot wound to her head and that based on the contents of her stomach she died at approximately 9:00 p.m.
Abbie Somers, Coral's common-law wife, testified that on the morning of September 18, 1987, Coral was released from the Montgomery County jail and he telephoned her to pick him up. She said that she took Coral to get his TransAm automobile that was in the police impound garage. Somers further testified that Coral asked her for money so that he could return to Illinois. Somers gave him some money. The next morning, Somers said, she called to see if Coral had arrived in Illinois. Coral told her that he had arrived in Illinois at approximately 6:00 a.m. that morning. Evidence was introduced that the drive from Montgomery to Galatia, Illinois, takes approximately eight hours.
A resident of the apartment complex where Burt was killed testified that he saw Coral at the complex on the night of the robbery/murder. Coral also told a friend that he had committed the murder. He said that the victim had come home unexpectedly and that he had to "shoot the bitch because she had too much on him." There was also testimony indicating that Coral told his fellow inmates in the Montgomery County jail before he was released the day before the murder that he needed money and that he was thinking of robbing a convenience store.
Coral raises the following claims concerning the denial of his postconviction petition.
 I.
Coral argues that the circuit court erred in dismissing his ineffective-assistance-of-counsel claims without first allowing him the opportunity to prove his claims. He contends that he is entitled to an evidentiary hearing so that he can develop these claims.
Coral's first Rule 32 petition contained the following claims related to ineffective assistance of counsel: *Page 1280 
 "Trial counsel's ineffectiveness includes, but is not limited to the following:
 "(a) Trial counsel did not properly prepare or investigate in order to present an appropriate defense and a proper case against the imposition of the death penalty;
 "(b) Trial counsel failed to adequately develop and present a defense strategy;
 "(c) Trial counsel failed to adequately cross-examine prosecution witnesses;
 "(d) Trial counsel failed to prepare and present evidence in support of motions filed;
 "(e) Trial counsel failed to adequately challenge the systematic underrepresentation of African Americans on the grand jury venire;
 "(f) Trial counsel failed to adequately voir dire and strike for cause jurors at the guilt phase of Mr. Coral's trial;
 "(g) Trial counsel failed to call mental health expert witnesses and other expert witnesses at the guilt phase of Mr. Coral's trial;
 "(h) Trial counsel failed to develop an adequate theory of mitigation at the penalty phase of Mr. Coral's trial;
 "(i) Trial counsel failed to adequately talk to family members about mitigation evidence and failed to adequately prepare them to testify;
 "(j) Trial counsel failed to call mental health expert witnesses and other expert witnesses at the sentencing phase of Mr. Coral's trial that would have presented mitigation evidence;
 "(k) Trial counsel failed to adequately object to the admission into evidence of a prejudicial presentence investigation report which included inadmissible hearsay, a recounting of the effects of the crime on the victim's family and juvenile arrests;
 "(l) Trial counsel failed to object to the use of improper and invalid convictions to negate the mitigating circumstance of no significant prior criminal history;
 "(m) Trial counsel failed to object to the impropriety of the trial court's rejecting the jury['s] life [imprisonment] verdict in this case, including its improper reliance on invalid aggravating circumstances and rejection of certain mitigating circumstances;
 "(n) Trial counsel failed to properly object to the imposition of the death penalty in this case pursuant to a pattern evincing racial bias;
 "(o) Trial counsel failed to properly object to the use of electrocution as a cruel and unusual punishment;
 "(p) Counsel failed to provide effective assistance of counsel on appeal to the Alabama Court of Criminal Appeals and the Alabama Supreme Court. Counsel failed to raise on appeal violations of Mr. Coral's rights in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the Alabama Constitution, and Alabama law."
(C.R. 17-19.)
After the petition was filed, the State moved for partial dismissal arguing that "Coral has failed to meet the burden placed on him by Rule 32.6(b) of providing `full disclosure of the factual basis' on the claims of ineffective assistance of counsel." As a result of the State's motion, the circuit court granted Coral 60 days to amend his petition to comply with the requirements of Rule 32.6(b), Ala.R.Crim.P. On the last possible day Coral filed an amended petition. The claims of ineffective assistance of counsel in this petition were virtually identical to those claims made in the original petition. The State again moved for a partial dismissal. On July 1, *Page 1281 
1996, the circuit court held a hearing on the State's motion. A transcript of the hearing shows that the circuit court dismissed all but two of the ineffective-assistance-of-counsel claims for failure to comply with the provisions of Rule 32.6(b), Ala.R.Crim.P. The circuit court did allow Coral to proceed with two ineffective-assistance-of-counsel claims; those claims concerned the low statutory compensation for court-appointed attorneys in Alabama and the claim that counsel failed to object to the trial court's consideration of what Coral says was an illegal and prejudicial presentence report. The circuit court gave both parties 10 days to file briefs concerning the two remaining ineffective-assistance claims. The State complied; Coral did not. Coral did file an amended petition in September 1996 — more than two months after the July 1, 1996, motion hearing.
Rule 32.6(b), Ala.R.Crim.P., addresses the requirements for the contents of a Rule 32 petition and states:
 "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."
As this Court stated in Boyd v. State, [Ms. CR-02-0037, September 26, 2003] ___ So.2d ___ (Ala.Crim.App. 2003):
 "`Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion `which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those alleged facts.
 "Thus, a Rule 32 petitioner is not automatically entitled to an evidentiary hearing on any and all claims raised in the petition. To the contrary, Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition
 "`[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings. . . .'"
___ So.2d at ___.
Certainly, Coral was not obliged to prove his allegations in his Rule 32 petition; however, he was required to comply with the provisions of Rule 32.6(b), Ala.R.Crim.P. This is not a situation where the circuit court dismissed the petition without allowing Coral to amend his claims. Coral was allowed to file an amended petition but failed to comply with the circuit court's instructions.
When discussing the specificity requirements of Rule 32.6(b), Ala.R.Crim.P., as applied to ineffective-assistance-of-counsel claims, this Court has stated:
 "[W]e conclude that [the petitioner] failed to plead sufficient facts with respect to any of the claims to warrant any further proceedings.
 "In Strickland v. Washington, 466 U.S. 668, 687[, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), the United States *Page 1282 
Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id. at 694[, 104 S.Ct. 2052]. `A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Id. Furthermore, `a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' Id. at 689[, 104 S.Ct. 2052].
 "Rule 32.3, Ala.R.Crim.P., states that `[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.6(b), Ala.R.Crim.P., states that `[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.'
 "`An evidentiary hearing on a [Rule 32] petition is required only if the petition is "meritorious on its face." Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985). A petition is "meritorious on its face" only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala. 1986).'
"Moore v. State, 502 So.2d 819, 820 (Ala. 1986).
 "Although [the petitioner] specifically identified the acts or omissions on the part of his trial counsel that he believed constituted deficient performance, he failed to include in his petition any facts tending to indicate how those acts or omissions prejudiced his defense. He did not include specific facts regarding the crimes or the evidence introduced at trial, and he did not even state in his petition what his defense was. Even accepting all of the allegations in his petition as true, we cannot say whether [the petitioner] is entitled to relief. Therefore, [the petitioner] has not provided `full disclosure of the factual basis' of his claims necessary to satisfy the specificity requirements of Rule 32.6(b), Ala.R.Crim.P., and the pleading requirements of Rule 32.3, Ala.R.Crim.P. Accordingly, the circuit court properly denied his claims of ineffective assistance of trial counsel without an evidentiary hearing."
Bracknell v. State, 883 So.2d 724, 727-28 (Ala.Crim.App. 2003) (footnote omitted).
We have carefully examined Coral's petition. We agree with the circuit court that these claims were not factually sufficient. Indeed, how is the State to defend against the general claim that counsel failed to prepare or investigate the case, without any specific facts to support the allegation? The intent in adopting Rule 32.6(b), Ala.R.Crim.P., was to ensure that one party did not obtain an unfair advantage over the other party — to place both the State and the petitioner on a level playing field. Coral's petition failed to comply with the provisions of Rule 32.6(b), *Page 1283 
Ala.R.Crim.P., and gave the State no ability to defend Coral's general claims.
We note that after the deadline for amending the petition had passed and after the hearing on the motion for a partial dismissal, Coral did file a second amended petition asserting many of the identical claims of ineffective assistance of counsel. (Several new claims were also added.) This petition did not contain more facts; it merely referenced paragraph numbers in the first amended petition that Coral alleged supported his claims. It appears, based on reading the circuit court's order that the circuit court did not consider this second amended petition. Indeed, this petition was filed after the circuit court had dismissed the ineffective-assistance-of-counsel claims.[4]
Rule 32.7(b), Ala.R.Crim.P., states that "[a]mendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." There is no Alabama case that defines the term "entry of judgment" as that term is used in Rule 32.7(b), Ala.R.Crim.P. However, here a "partial entry of judgment" had been made dismissing the majority of the ineffective-assistance-of-counsel claims before Coral attempted to amend his petition. Amendments are to be freely granted but not blindly allowed without regard to the specific facts surrounding each case.[5] See McWilliams v. State,897 So.2d 437 (Ala.Crim.App. 2004); Rhone v. State, 900 So.2d 443
(Ala.Crim.App. 2004); Neelley v. State, 642 So.2d 494
(Ala.Crim.App. 1993); and Cochran v. State, 548 So.2d 1062
(Ala.Crim.App. 1989). As we stated in Neelley v. State:
 "In Cochran [v. State, 548 So.2d 1062
(Ala.Crim.App. 1989)], defendant attempted to amend his petition eight months after it had originally been filed, after the evidentiary hearing had begun, after the circuit court had ruled on a related ground asserted in his petition, and after having previously filed a motion to amend. This court held:
 "`Cochran cannot claim that his proposed amendment was based on surprise, newly discovered evidence, or changed circumstances. "Courts may properly refuse permission to amend . . . where there is no showing of diligence or that the facts were unknown to the applicant prior to his application." 61 Am.Jur.2d, § 312 at 301 (1981). See also Robinson v. Kierce, 513 So.2d 1005, 1006-07 (Ala. 1987); National Distillers and Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269, 1273-75 (Ala. 1976).'
 "[Cochran, 548 So.2d at 1075.] See also Whitehead v. State, 593 So.2d 126 *Page 1284 
(Ala.Cr.App. 1991). In this case, where the appellant failed to file the motion for leave to amend until seven months after the evidentiary hearing had been held and because the claims asserted in that amendment were not based on surprise, newly discovered evidence, or changed circumstance, we find no abuse of discretion by the trial court. The appellant attempts to raise in her brief to this court the same claims that were included in the second amendment; these claims are procedurally barred. Rules 20.2(a)(3), 20.2(a)(5), 20.2(b), A.R.Cr.P.Temp."
642 So.2d at 497. The circuit court did not abuse its discretion in failing to entertain this amended petition.
Coral also argues in this section of his brief that "[a]s long as some portions of the claim meets the sufficiency requirements of Rule 32, there is no rationale for the argument that other portions of the claim do not." (Coral's brief, at p. 26.) However, the claim of ineffective assistance of counsel is a general allegation that often consists of numerous specific subcategories. Each subcategory is a independent claim that must be sufficiently pleaded. As the Supreme Court of Pennsylvania stated in Commonwealth v. Lambert, 568 Pa. 346, 797 A.2d 232
(2001):
 "[S]peaking in the context of `layered' ineffectiveness claims, . . . although some latitude may be afforded in the pleadings, PCRA [Post Conviction Relief Act] counsel generally `must, in pleadings and briefs, undertake to develop, to the extent possible, the nature of the claims asserted with respect to each individual facet of a layered ineffectiveness claim . . .'"
568 Pa. at 364, 797 A.2d at 242 (quoting Commonwealth v.Williams, 566 Pa. 553, 566-67, 782 A.2d 517, 525 (2001)) (emphasis omitted). See also Bracknell, supra.
The circuit court did not err in dismissing the majority of Coral's ineffective-assistance-of-counsel claims because they failed to comply with the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.
 II.
Coral argues that the circuit court erred in denying his claims of ineffective assistance of counsel.[6] We address only those two claims that were not dismissed pursuant to Rule 32.6(b), Ala.R.Crim.P.
To prevail on a claim of ineffective assistance of counsel, the petitioner must establish that counsel's performance was deficient and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134[, 102 S.Ct. 1558, 71 L.Ed.2d 783] (1982). A fair assessment of attorney performance requires that every effort *Page 1285 
be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' See Michel v. Louisiana, [350 U.S. 91], at 101[, 76 S.Ct. 158, 100 L.Ed. 83] [(1955)]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."
466 U.S. at 689, 104 S.Ct. 2052. As the United States Supreme Court further stated:
 "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."
466 U.S. at 690-91, 104 S.Ct. 2052.
Coral first argues that Alabama's statutory compensation limit for court-appointed attorneys deprived him of the effective assistance of counsel because it affected counsel's investigation of the case.
The circuit court made the following findings:
 "Coral asserts that the arbitrary restrictions on compensation placed significant constraints on what his counsel could do to adequately investigate and prepare his case for trial.
 "The Alabama Supreme Court and the Alabama Court of Criminal Appeals have rejected the claim that Alabama's method of compensation in and of itself denied a defendant effective assistance. . . .
 "Coral has not shown this Court that counsel's performance was deficient due to insufficient compensation. Coral failed to do this after this Court gave Coral an opportunity to amend his Rule [32] petition to include a factual basis for the claims in the Rule 32 petition. In addition, the record reveals that this Court granted Coral's motion for extraordinary expenses to hire an investigator to travel to Illinois. It appears from the record that the investigator was able to find the following witnesses from Illinois who testified on Coral's behalf at his capital murder trial and sentencing hearing. Carl Somers, DeWayne Whitehead, Roger Tuttle, Lew Moore, Donna Quello, Gina Quello, and Mary Hannon. Thus, it appears that the limitation on counsel's compensation did not affect counsel's investigation in this case.
 "It is clear from what is set forth above that Alabama's compensation scheme for capital defense attorneys did not deny Coral effective assistance of counsel. Coral has not shown that the compensation scheme caused counsel's performance to fall `outside the wide range of professionally competent assistance.' Strickland v. Washington, *Page 1286 
466 U.S. at 960[690, 104 S.Ct. 2052]. Thus, this claim of ineffective assistance of counsel is without merit."
(C.R. 277-79.)
We agree with the circuit court's findings and adopt them as our own.
Coral also argues that counsel failed to object to inadmissible statements in the presentence report that he alleges resulted in prejudice to him.
The circuit court made the following findings concerning this claim:
 "All three of Coral's ineffective assistance of counsel claims regarding trial counsel's conduct as to the presentence report can easily be disposed of because Coral has not demonstrated that, but for the trial court's consideration of the presentence report, his sentence would have been different.
 "There was no prejudice due to the inclusion of victim impact information in the presentence report, because at the time of Coral's crime, victim impact evidence was admissible at the sentencing stage of a capital murder trial in Alabama. On direct appeal, the Alabama Court of Criminal Appeals considered a claim that this Court erred in considering the victim impact information contained in the presentence report. The Court of Criminal Appeals stated the following about that claim:
 "`We also find no merit in the contention that the trial court erred in considering victim impact information contained in the presentence report. The appellant relies on Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). The trial court specifically stated in its sentencing order that it did not consider the victim impact statement in imposing the appellant's sentence.
 "`Furthermore, Booth and Gathers have been overruled by Payne v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), where the Supreme Court recognized the relevance of evidence about the victim and about the impact of the murder on the victim's family to the question before the jury of whether the death penalty should be imposed. Although the Supreme Court held that, if a state chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no per se bar, it also ruled that, if victim impact evidence is "so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." Id. at 824, 111 S.Ct. at 2608 (citing Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). In the instant case, the victim impact statement was not presented to the jury, but only to the trial court, and, as noted, the court did not consider it in arriving at its sentence. We find no constitutional violation here.'
 "Coral v. State, 628 So.2d 988, 992 (Ala.Cr.App. 1992). It is clear from this opinion that victim impact information was a proper sentencing consideration even though this Court did not consider the victim impact information. Therefore, Coral was not prejudiced by his trial counsel's failure to raise a non-meritorious claim based on the inclusion of victim impact information in the presentence report.
 "There was also no prejudice from the inclusion of inadmissible hearsay statements in Coral's presentence report. *Page 1287 
The Alabama Court of Criminal Appeals considered a claim that this Court erred in considering a presentence report that contained hearsay and stated the following about this claim:
"`. . . .'
 "It is clear from the above language that this Court did not err when it considered a presentence report which contained hearsay; therefore, Coral was not prejudiced by his trial counsel's failure to raise a non-meritorious claim based on the inclusion of hearsay in the presentence report.
 "There was also no prejudice from the inclusion of juvenile arrests in the presentence report. In this case, this Court clearly properly weighed and considered the aggravating and mitigating circumstances. See, Coral v. State, 628 So.2d 988, 993-1004 (Ala.Cr.App. 1992). This Court did not consider juvenile arrests when it sentenced Coral to death. Trial judges are presumed to disregard any inadmissible evidence and improper factors in sentencing. See, Lightbourne v. Dugger, 829 F.2d 1012 (11th Cir. 1987), cert. denied, 488 U.S. 934, 109 S.Ct. 329, 102 L.Ed.2d 346 (1988). . . . Since this Court did not consider the juvenile arrests when it sentenced Coral, Coral has demonstrated no prejudice.
 "Because there was no prejudice to Coral from consideration by this Court of the presentence report, Coral has not met his burden of establishing an ineffective assistance of counsel claim as to those issues."
(C.R. 280-83.) The substantive claim was addressed by the Alabama Supreme Court on direct appeal and determined adversely to Coral.Coral, 628 So.2d at 992. Therefore, Coral can show no prejudice. The circuit court correctly denied relief on this claim.
 III.
Coral makes several arguments in his brief to this Court that the circuit court correctly determined were procedurally barred in a postconviction proceeding. The following claims are procedurally barred:
 A. Whether the jury pool failed to contain a fair cross section of the community;
 B. Whether the trial court erroneously admitted his extrajudicial statements;
 C. Whether the trial court improperly considered illegal evidence contained in the presentence report;
 D. Whether it was improper for the trial court to override the jury's recommendation of life imprisonment;
 E. Whether his death sentence was imposed due to a pattern of racial bias;
 F. Whether the introduction of an allegedly prejudicial videotape violated his rights;
 G. Whether the trial court erred in not granting a change of venue;
 H. Whether his conviction and sentence were obtained by emotional appeals by the victim's family;
 I. Whether the State elicited prejudicial comments from its witnesses;
 J. Whether alleged prosecutorial misconduct denied him a fair trial;
 K. Whether the manner of execution is cruel and unusual punishment.
Claims A, E, F, G, H, I, and J, are procedurally barred because they could have been, but were not, raised at trial or on appeal. See Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P. Claims B, C, D, and K, are procedurally barred because they were raised and addressed on direct appeal. See Rule 32.2(a)(4), Ala.R.Crim.P. *Page 1288 
 IV.
Coral argues that the trial court erred in adopting the State's proposed order denying postconviction relief.
The Alabama Supreme Court and this Court have repeatedly upheld a circuit court's wholesale adoption of a proposed order prepared by one of the parties. See Ex parte Masonite Corp.,681 So.2d 1068 (Ala. 1996); DeBruce v. State, 890 So.2d 1068
(Ala.Crim.App. 2003); Slaton v. State, [Ms. CR-00-1592, September 26, 2003] ___ So.2d ___ (Ala.Crim.App. 2003); Hamm v.State, [Ms. CR-99-0654, February 1, 2002] ___ So.2d ___ (Ala.Crim.App. 2002); Dobyne v. State, 805 So.2d 733
(Ala.Crim.App. 2000); Pierce v. State, 851 So.2d 558
(Ala.Crim.App. 1999); Lawhorn v. State, 756 So.2d 971
(Ala.Crim.App. 1999); Jones v. State, 753 So.2d 1174
(Ala.Crim.App. 1999); Knotts v. State, 686 So.2d 431
(Ala.Crim.App. 1995); Grayson v. State, 675 So.2d 516
(Ala.Crim.App. 1995); Sockwell v. State, 675 So.2d 4
(Ala.Crim.App. 1993); Cade v. State, 629 So.2d 38
(Ala.Crim.App. 1993); Hallford v. State, 629 So.2d 6
(Ala.Crim.App. 1992); Holladay v. State, 629 So.2d 673
(Ala.Crim.App. 1992); Thompson v. State, 615 So.2d 129
(Ala.Crim.App. 1992); Wright v. State, 593 So.2d 111
(Ala.Crim.App. 1991); Hubbard v. State, 584 So.2d 895
(Ala.Crim.App. 1991); Weeks v. State, 568 So.2d 864
(Ala.Crim.App. 1989); Morrison v. State, 551 So.2d 435
(Ala.Crim.App. 1989).
In Morrison, we quoted the United States Supreme Court and stated:
 "This precise issue was decided unfavorably to the petitioner in Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 572, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985), wherein the United States Supreme Court held `that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.'
 "`"[A] finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). . . . If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949); see also Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).' Id., 470 U.S. at 573-74, 105 S.Ct. at 1511."
551 So.2d at 436-37. The circuit court's findings are supported by the record and are not clearly erroneous. Therefore, we can find no error in the circuit court's denying postconviction relief in an order adopting the State's proposed order.
Coral also argues in his section of his brief that the circuit court erred in dismissing several of his claims for lack of specificity. He argues,
 "The final order denying relief on September 28, 2001, dismissed claims E (the State elicited improper and prejudicial commentary from its witnesses); F(a) and (b) (prosecutorial misconduct); G (change of venue); J(a) and (d) (improper override of the jury's life verdict); K (ineffective assistance of counsel); and *Page 1289 
N (electrocution) for lack of factual specificity."
We note that Coral's original brief contains arguments concerning only claims E and J. There are no specific arguments concerning the other contentions. This section of his brief is devoid of the requirements of Rule 28(a)(10), Ala.R.App.P. However, Coral did make specific arguments in his reply brief.
All of the claims, except the claim concerning ineffective assistance of counsel, were correctly dismissed because they could have been raised at trial or on appeal. See Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P. Therefore, even if the circuit court did err in dismissing the claims for lack of specificity, that error was harmless because the claims were procedurally barred according to Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P.
For the foregoing reasons we affirm the circuit court's dismissal of Coral's postconviction petition.
AFFIRMED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs in the result.
[1] The petition was originally assigned to Judge Randall Thomas. After Judge Thomas retired, the case was reassigned to Judge William Shashy.
[2] Because the sixtieth day — June 2, 1996 — fell on a Sunday, and the following day was a State holiday, Coral had until June 4, 1996, to file the amended petition. See Rule 1.3(a), Ala.R.Crim.P.
[3] Apparently some of the delay was caused by the fact that when Judge Thomas retired the case was not immediately reassigned to another circuit judge.
[4] Coral argues in his brief that the State's characterization of the July 1, 1996, hearing is erroneous. Coral asserts that the circuit court did not rule on the State's motion and that it allowed Coral to amend his petition. However, the record of the July 1 hearing does not support Coral's statement. The hearing, held on the State's motion for partial dismissal, contains the following ruling by the circuit court, "Okay, is that it? Okay, I'll grant your motion on all of them except for the two that were in question concerning the counsel, and y'all get me something in ten days on those two issues." (Supplemental record, p. 18.) The record shows that Coral did not file anything with the Court within 10 days but instead filed another amended petition in September 1996.
[5] At least one state has addressed the problem of amending postconviction petitions. Ohio Rev. Code Ann. § 2953.21(f) (Anderson 2003), states: "At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter." After the designated period has lapsed, in order to amend a petition in Ohio the petitioner must make a prima facie showing of the need to amend the petition.
[6] We note that in this part of his brief Coral attempts what he should have done in his petition — to expand on those claims by making factual assertions in support of the claims. However, these factual assertions were not included in Coral's petition or in his amended petition. We will not consider these issues because they were not first presented to the circuit court. "This court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court." Myrick v. State, 787 So.2d 713,718 (Ala.Crim.App. 2000).
 *Page 216