WELCH, Judge,
concurring in part and dissenting in part.
I concur with the majority’s holding in its unpublished memorandum as to Richard Jerome Flowers’s guilt-phase issues. I respectfully dissent from Part II of the memorandum, in which the majority affirms the circuit court’s rejection of Flowers’s claim that the attorney appointed to represent him for his motion for a new trial rendered ineffective assistance. I would remand the case to the circuit court for a new penalty-phase proceeding.
Flowers was convicted of two counts of capital murder for the killing of Annie Addy. The murder was made capital because he committed it after having been convicted of another murder during the 20 years preceding the murder, see § 13A-5-40(a)(13), Ala.Code 1975, and because he committed it through the use of a deadly weapon while Addy was in a vehicle, see § 13A-5-40(a)(17), Ala.Code 1975.
The record tends to show the following: Flowers was represented at trial by lead counsel Robert Powers and assistant counsel Mickey McDermott. After the trial, McDermott filed a motion for a new trial. In the motion he asserted that he had been appointed to the case “only days before trial,” and he essentially asserted that defense counsel was not prepared for trial because counsel had not filed necessary motions such as, but not limited to, a motion for an investigator, a motion for a psychological assessment, a motion for the suppression of Flowers’s statements to police, or a motion for the inspection of evidence. (Record on direct appeal, CR-97-1254, at CR. 181.) The motion also asserted that counsel was ineffective because “no defense witnesses had been called or interviewed by the lead counsel.” (Record on direct appeal, CR-97-1254, at CR. 182.) After this motion was filed, but before a hearing on the motion, Powers and McDermott withdrew as counsel, and Paul Copeland was appointed to represent Flowers at his new-trial hearing and on appeal. Copeland did not amend the motion for a new trial, but he did obtain sufficient continuances to enable a review of the trial transcript and to conduct interviews of defense counsel and the prosecutor. At the new-trial hearing Copeland attempted to prove that Flowers had received ineffective assistance of trial counsel; however, the trial court denied the motion for a new trial. Copeland was later replaced as appellate counsel.
In Claim III of his Rule 32 petition, Flowers claims that Copeland, his post-trial counsel, rendered ineffective assistance. Flowers “incorporated here by reference” Claim II of his petition, which set forth his claims concerning trial counsel’s deficient performance and alleged prejudice. (CR. 921.) Claim III included the assertion that Copeland did not adequately challenge Flowers’s trial counsel’s failure to investigate and present at the penalty phase of his trial any of the easily attainable mitigating evidence. Flowers argued in Claim II that had counsel investigated and prepared for the penalty phase of his trial, the jury and the trial court would have learned of much mitigating evidence and “the ameliorative circumstances surrounding the underlying offense that served as the only statutory aggravating circumstance.” (CR. 843.)
*499 Flowers asserted that trial counsel failed to “interview family members, teachers, pastors, social workers, or anyone else who was acquainted with Mr. Flowers.” (CR. 845.) Flowers pleaded that
“[c]ounsel could have obtained the extensive information related to mitigation outlined below from the (sic) at least [the] following individuals: Patricianna White, Janice Bivens, Grace Flowers, Horace Flowers, Brenda Flowers, Lonnie Townsend, Michael Townsend, Brenda Taylor, Marcia Tomberlin, Buddy De-Vaughn, Karen Bowden, James Henderson, Sr., James Henderson, Jr., Sylvia Miller, Tony Miller, Donald Ray Stinson, George Jones, Gladys Neal, James Crawford, Mary Griffin, Carolyn Ray Johnson, Lillian Adams, Catherine Scott, Sandra Adams, Reverend Foster, Tommy Harris, and Milton Harris.”
(CR. 846.) He also asserted that each of these individuals was willing to testify on his behalf. Counsel then outlined the awful circumstances of Flowers’s life, which, I note, could have served as mitigating evidence.
On March 15, 2006, the State acknowledged at a hearing preceding the Rule 32 hearing, that Flowers’s claim regarding Copeland was “proper for an evidentiary hearing.” (Supp. Rec. # 2 at R. 11.) On November 15, 2006, a hearing was conducted on Flowers’s Rule 32 petition. Testimony was taken directly and by deposition. Copeland testified by deposition that he determined that “McDermott was appointed to the case right before trial” as a replacement for attorney Vinson Jaye. At that time, there was no indication that tidal counsel had conducted any investigation, interviewed witnesses, or filed any motions on Flowers’s behalf. Copeland stated that Powers told him that he thought he would obtain a continuance before trial, but his request for a continuance was denied. Copeland testified that in his interview with the prosecutor, the prosecutor “was deeply, deeply concerned that this case had not been prepared at all.” (R. 1268.)
In preparation for the hearing on the motion for a new trial, Copeland did not interview witnesses, other than counsel, but relied solely on the trial transcript. The transcript of the trial submitted to this Court on direct appeal, upon which Copeland relied, reflects that Johnny Flowers, Flowers’s brother, was the only witness to testify for Flowers before the jury during the penalty phase. I do not believe that his testimony was compelling mitigation evidence, and it omitted most of the mitigation discovered by Rule 32 counsel. Moreover, a review of the guilt-phase testimony did not disclose that the jury ever heard the vast majority of the mitigation testimony presented at the hearing on Flowers’s Rule 32 petition. During the sentencing hearing that was conducted before the trial judge and not the jury, no witnesses were presented — a fact readily observable on the face of the trial record.
Among the witnesses presented at the Rule 32 hearing were Flowers’s special-education teacher, a homicide detective involved in Flowers’s previous murder conviction, Flowers’s school psychometrist,[1] various siblings, and a psychologist. The essence of their testimony was as follows: Flowers was of below-average intellect. He was raised in an extremely impoverished home with no modern necessities such as running water or electricity. He attended school as a special-education student. He was bathed and fed at his school, and his clothes were washed at his school. He sometimes slept under his house with dogs. Flowers’s father beat the children and his wife, and Flowers’s *500 mother was a severe alcoholic who died at age 43. Flowers’s father died when Flowers was five years old. Flowers was teased by other children at school. He suffered from developmental problems, his cognitive functioning was low, and he tested within the mentally retarded range. As a young child he engaged in banging his head on hard objects such as the floor, and he wet the bed. He received little or no medical or dental care. Other men were in and out of his mother’s house following his father’s death. There was an accusation that Flowers was the victim of sexual abuse. At a very young age Flowers began using alcohol and drugs, and he made at least one suicidal gesture as a young teen. The prior murder, for which he was convicted while he was a teenager, allegedly involved an attempted sexual assault on Flowers by the victim.
On June 5, 2007, the circuit court denied Flowers’s Rule 32 petition for the following reasons:
“In Issue III of his fourth amended petition, Flowers raises claims alleging that Paul Copeland, his motion for new trial counsel, was ineffective. (Pet. at 147-148.) Those claims are contained in paragraphs 197-198 of his petition....
[[Image here]]
“... [Tjhose claims are dismissed, under Rule 32.7(d) of the Alabama Rules of Criminal Procedure, because they fail to comply with the specificity and full factual pleading requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. In his petition, Flowers devotes just two paragraphs to his claims alleging that his motion for new trial counsel (Copeland) and his appellate counsel (Howard) were ineffective. With regard to Paul Copeland, Flowers sets forth the bare assertion that Copeland was ineffective for failing to ‘adequately prove’ the ineffective assistance of trial counsel claims that he litigated at the hearing on Flowers’s motion for new trial and for failing to raise the claims (Claims I and IV-XV) that Flowers raises in his Rule 32 petition.
“In pleading those claims, Flowers does not even attempt to explain what more Copeland should have done in raising and litigating his ineffective assistance of trial counsel claims. Flowers also fails to proffer any facts that would tend to show that he could have prevailed on those claims if Copeland had litigated them differently and that he was, therefore, prejudiced by Copeland’s performance. Flowers also fails to proffer any facts that would support his bare assertion that he would have obtained relief on the claims (Claims I and IV-XV) in his Rule 32 petition if Copeland had raised those claims at the hearing on his motion for new trial. In fact, Flowers does not discuss any of those claims in this portion of his petition. Instead, Flowers merely incorporates them by reference and then alleges, in a conclusory fashion, that Copeland should have raised them in litigating his motion for new trial. This Court does not bear the burden of making Flowers’s argument for him.
“Rule 32.6(b) of the Alabama Rules of Criminal Procedure provides that ‘[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.’ See also Thomas v. State, 766 So.2d 860, 889 (Ala.Crim.App.1998) (‘Conclusory allegations not supported by specifics do not warrant relief.’). Given that Flowers’s claims alleging that Paul Copeland was ineffective fail to comply with the specificity and full factual pleading requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure, *501 those claims are dismissed, under Rule 32.7(d) of the Alabama Rules of Criminal Procedure.”
(C.R. 1676-81.)
I believe the circuit court’s ruling is in error.
I do not believe that the claim fails for lack of specificity. Here, the circuit court, in what I believe was a proper ruling, provided Flowers with an opportunity to prove his claim at a hearing. I believe that Flowers did prove his claim. I do not believe that the circuit court can properly rule that the pleading was insufficient following a hearing in which a plethora of witnesses presented testimony supporting the claim.
This case is distinguishable from Coral v. State, 900 So.2d 1274, 1282-83 (Ala.Crim.App.2004), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala.2005), which appears to hold that a hearing conducted on an insufficiently pleaded Rule 32 petition denied the State due process. Coral filed a Rule 32 petition asserting numerous ineffective-assistance-of-counsel claims. The State moved for a partial dismissal because, it argued, Coral had not met his burden of sufficiently pleading these claims. The circuit court allowed Coral to file an amended petition, in response to which the State again moved for a partial dismissal. The circuit court held a hearing on the State’s motion. The circuit court dismissed all but 2 of the ineffective-assistance-of-counsel claims and gave the parties 10 days to file briefs regarding the 2 remaining claims. The State filed a brief but Coral did not. He filed an amended brief two months later. The circuit court dismissed the ineffective-assistance-of-counsel claims without a hearing. We agreed with the circuit court’s ruling regarding the sufficiency of the pleading underlying the two claims and stated:
“[H]ow is the State to defend against the general claim that counsel failed to prepare or investigate the case, without any specific facts to support the allegation? The intent in adopting Rule 32.6(b), Ala.R.Crim.P., was to ensure that one party did not obtain an unfair advantage over the other party — to place both the State and the petitioner on a level playing field.”
Flowers’s case is distinguishable from Coral. Here the State conceded at the March 15, 2006, hearing that Flowers’s claim regarding Copeland was “proper for an evi-dentiary hearing.” (Supp. Rec. # 2 at R. 11.) Thus, the State was in no way blindsided at Flowers’s Rule 32 hearing as the State was in Coral.
Also, for the same reason set forth above, I believe that the circuit court erred by finding that Flowers’s pleading was insufficient because he “merely incorporates” by reference the assertions in Claim II as factual support for Claim III. This is not a case where issues from another case were incorporated by reference. The argument in Claim II is clearly set forth and presents no impediment to an understanding of Claim III. To hold otherwise, in my opinion, elevates form over substance.
I note that, although not a finding by the circuit court, this Rule 32 petition is the first opportunity presented to Flowers to challenge the performance of counsel appointed to represent him for a motion for a new trial. See Rule 32.2(d), Ala. R.Crim. P. Copeland was appointed as appellate counsel. “A Rule 32 petition is the first opportunity Brown had to challenge his appellate counsel’s effectiveness.” Brown v. State, 903 So.2d 159 (Ala.Crim.App.2004). Therefore, unlike his challenge to trial counsel, which was raised at trial, this claim is not procedurally barred by Rules 32.2(a)(3) and (5).
*502 I also believe that Flowers proved his claims at the hearing and is entitled to relief.
“ ‘ “An attorney has a duty to conduct a reasonable investigation, including an investigation of the defendant’s background, for possible mitigating evidence.” Porter v. Singletary, 14 F.3d 554, 557 (11th Cir.), cert. denied, 513 U.S. 1009, 115 S.Ct. 532, 130 L.Ed.2d 435 (1994). The failure to do so “may render counsel’s assistance ineffective.” Bolender [v. Singletary], 16 F.3d [1547] at 1557 [ (11th Cir.1994) ].’ ”
Harris v. State, 947 So.2d 1079, 1115 (Ala.Crim.App.2004), overruled in part on other grounds by Ex parte Jenkins, 972 So.2d 159 (Ala.2005) (quoting Baxter v. Thomas, 45 F.3d 1501, 1513 (11th Cir.1995)).
“ ‘The United States Court of Appeals for the Eleventh Circuit has held that trial counsel’s failure to investigate the possibility of mitigating evidence is, per se, deficient performance. See Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir.1991) (“our case law rejects the notion that a ‘strategic’ decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them”), cert. denied, 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992); see, also, Jackson v. Herring, 42 F.3d 1350, 1366-68 (11th Cir.) (“Although counsel need not ‘investigate every evidentiary lead,’ he must gather enough knowledge of the potential mitigation evidence to arrive at an ‘informed judgment’ in making [the decision not to present such evidence] .... [A] legal decision to forgo a mitigation presentation cannot be reasonable if it is unsupported by sufficient investigation.”) (emphasis added; citations omitted), cert. dismissed, 515 U.S. 1189, 116 S.Ct. 38, 132 L.Ed.2d 919 (1995). Furthermore, trial counsel may be found ineffective for failing to present evidence of adjustment to incarceration, evidence of mental-health problems.... See Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986) (holding that a capital defendant must be permitted at the penalty phase of his trial to introduce evidence of adjustment and good behavior while incarcerated); Horton v. Zant, supra (counsel found ineffective for not presenting evidence of adjustment to incarceration); Blanco v. Singletary, 943 F.2d 1477 (11th Cir.1991), cert. denied, 504 U.S. 943, 112 S.Ct. 2282, 119 L.Ed.2d 207 (1992) (counsel found ineffective for failing to introduce evidence that defendant had mental-health problems and a veiy low IQ and had suffered from various bouts of paranoia and depression) ....’”
Harris, 947 So.2d at 1120 (quoting Ex parte Land, 775 So.2d 847, 853-54 (Ala.2000)) (emphasis omitted).
I believe that the evidence presented at the Rule 32 hearing clearly reflected that each counsel associated with this case failed to conduct any investigation into possible mitigating evidence. See Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). I believe there was mitigating evidence to be found with minimal investigatory effort; thus, I believe that trial counsel was ineffective and that new-trial counsel was ineffective for failing to argue this in the motion for a new trial.

. A psychometrist conducts IQ tests.