On Remand from the Alabama Supreme Court

WELCH, Judge.
Jarrod Taylor was indicted in April 1998 on four counts of capital murder. Count one charged Taylor with intentionally causing the deaths of Sherry Gaston, Bruce Gaston, and Steve Dyas pursuant to one scheme or course of conduct. See § 13A-5-40(a)(10), Ala.Code 1975. Counts two, three, and four charged Taylor with the murder of each of the three victims during the course of a robbery. See § 13A-5-40(a)(2), Ala.Code 1975. Taylor was tried before a jury and was found guilty of the four counts of capital murder. Following a sentencing hearing, the jury recommended, by a vote of 7-5, that Taylor be sentenced to life imprisonment without the possibility of parole. The trial court held a separate sentencing hearing, after which it entered a judgment overriding the jury’s recommendation and sentencing Taylor to death. This Court affirmed the convictions and the sentence of death. Taylor v. State, 808 So.2d 1148 (Ala.Crim.App.2000). The Alabama Supreme Court granted Taylor’s petition for certiorari review, and it affirmed this Court’s judgment. Ex parte Taylor, 808 So.2d 1215 (Ala.2001). The United States Supreme Court denied Taylor’s petition for a writ of certiorari. Taylor v. Alabama, 534 U.S. 1086, 122 S.Ct. 824, 151 L.Ed.2d 705 (2002).
On July 31, 2002, Taylor filed a petition pursuant to Rule 32, Ala. R.Crim. P., challenging the convictions and sentence. Taylor filed a corrected Rule 32 petition on August 15, 2002; Taylor filed a first amended Rule 32 petition on May 2, 2003; Taylor filed a corrected first amended petition on May 5, 2003. The State filed several motions for dismissal, alleging that certain claims were precluded, failed to state a claim upon which relief could be granted, were not pleaded sufficiently, or were not filed within the statutory limitations period. See Rules 32.2, 32.3, 32.6(b), and 32.7(d), Ala. R.Crim. P.
On October 23, 2003, the circuit court granted the State’s motions for dismissal of many of the claims in Taylor’s Rule 32 petition. Other claims in Taylor’s Rule 32 petition remained pending. On February 2, 2004, the State filed a letter with the circuit court stating, among other things, that two of Taylor’s claims — Claim IV.B.10 and Claim V.C. — should not have been dismissed on the ground that they were filed outside the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P. On February 11, 2004, the circuit court held a hearing on pending motions. The circuit court stated that it was setting aside its previous order and that it would allow discovery on the two claims it had dismissed on ground that they were filed outside the limitations period.
On July 28, 2005, the State submitted to the circuit court a proposed order stating that the court’s orders of partial dismissal *135 entered on October 23, 2003, had completely disposed of all claims in Taylor’s Rule 32 petition. On August 1, 2005, the circuit court entered an order dismissing, in its entirety, Taylor’s corrected first amended Rule 32 petition. The circuit court stated, in relevant part:
“Upon thorough consideration and review of the pleadings that have been filed by Petitioner Taylor and the State of Alabama in this matter and the orders that this Court entered on October 23, 2003, this Court finds that all of the claims in Petitioner Taylor’s corrected first amended Rule 32 petition have been dismissed. For that reason, this Court finds that Petitioner Taylor’s corrected first amended Rule 32 petition is due to be summarily dismissed.”
(C. 1640.)
Taylor appeals the orders of partial dismissal entered on October 23, 2003, and he appeals the August 1, 2005, final order summarily dismissing the petition in its entirety.
This Court initially dismissed Taylor’s appeal by order on May 10, 2006, on the ground that the attorney who had filed the notice of appeal had not been granted pro hac vice status. Taylor v. State (No. CR-05-0066), 978 So.2d 76 (Ala.Crim.App.2006) (table). Taylor filed with the Alabama Supreme Court a petition for a writ of certiorari, and that Court granted Taylor’s petition. On certiorari review the Alabama Supreme Court reversed this Court’s judgment dismissing Taylor’s appeal, and it remanded the cause for further proceedings. Ex parte Taylor, 157 So.3d 122 (Ala.2008). Therefore, we now review the circuit court’s dismissal of Taylor’s Rule 32 petition.
On direct appeal, this Court summarized the State’s evidence as follows:
“On the morning of December 12, 1997, Jarrod Taylor and his friend, Kenyatta McMillan, took a .380 caliber pistol from the home of a friend of Taylor’s and then bought a BB-pellet pistol from a nearby Wal-Mart discount department store. According to McMillan, who was the State’s main witness against Taylor, Taylor was armed with the pistol and McMillan had the BB gun. Later that morning, the two men entered Steve Dyas Motors, a used car dealership in Mobile, for the purpose of robbing it. Jarrod Taylor pretended to be interested in purchasing a Ford Mustang automobile. Taylor negotiated the purchase of the automobile with Sherry Gaston, a salesperson at Steve Dyas Motors, and told her that he was from Louisiana and that his father-in-law was going to give him the money to purchase the automobile as an early Christmas present. Taylor and McMillan spent the day test-driving the automobile, filling out the paperwork for the purchase of the car, and waiting for Taylor’s fictitious father-in-law to arrive with the $13,700 to purchase the car. At one point, Taylor asked Sherry Gaston for a bill of sale that he could take to his father-in-law to show him the price of the automobile. They came and went from the used car dealership several times during the day. As closing time neared, the employees of Steve Dyas Motors began leaving the dealership to prepare for their annual Christmas party. When Taylor and McMillan entered the car dealership for the last time, around dusk, only Sherry Gaston, who was awaiting Taylor’s return to complete the sale, her husband, Bruce Gaston, and Steve Dyas, the owner, were in the office. When Taylor and McMillan entered the office, Taylor immediately shot Bruce Gaston in the chest with the .380 pistol. Bruce Gaston fell to the floor as Sherry Gaston ran to *136 a bathroom and locked herself in and Steve Dyas ran to a back room and tried to escape through a window. Kenyatta McMillan stopped Steve Dyas and brought him back to the office at gunpoint. Taylor and McMillan were demanding to know where the money and the safe [were], and Steve Dyas was on his knees begging for his life. Dyas tried to convince them that he did not have a safe and did not keep money in the office; he offered the two gunmen any car on the lot and the money and credit cards from his wallet. As Steve Dyas begged for his life, Taylor placed the .380 pistol to Dyas’s head and shot him, killing him instantly. Taylor then went to the bathroom door and ordered Sherry Gaston to come out. Sherry Ga-ston obeyed and opened the bathroom door. She begged for her life and told them that she was the mother of two children who needed her; Taylor put the .380 pistol to her head and shot her, killing her instantly. The two gunmen then rummaged the office area, taking Sherry Gaston’s purse and the wallets from the two male victims. They took the paperwork Sherry Gaston had prepared for the sale of the automobile, leaving copies of the paperwork on Sherry Gaston’s desk that they thought would make it appear that Jarrod Taylor had bought the automobile. As they were preparing to leave, Taylor noticed Bruce Gaston move, so he walked over to Gaston’s body, put the .380 pistol against Bruce Gaston’s head and shot him, killing him instantly. The two gunmen took the automobile they had been negotiating for and fled to Selma, where they were apprehended the next morning.”
Taylor v. State, 808 So.2d 1148, 1160-61 (Ala.Crim.App.2000).

Standard of Review

“‘The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition. Ex parte Heaton, 542 So.2d 931 (Ala.1989).’ Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). ‘[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.’ Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). ‘Moreover, “when reviewing a circuit court’s rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.” ’ Lee v. State, 44 So.3d 1145, 1149 (Ala.Crim.App.2009), quoting Bush v. State, 92 So.3d 121, 134 (Ala.Crim.App.2009).”
Dunaway v. State, [Ms. CR-06-0996, Dec. 18, 2009] — So.3d —, —(Ala.Crim.App.2009).
With this standard in mind, we now review the circuit court’s summary dismissal of Taylor’s petition for postconviction relief.
I.
Taylor first argues that the circuit court erred when it entered the final order on August 1, 2005. Taylor contends that the circuit court’s dismissal was based on its mistaken belief that, in its earlier partial-dismissal orders, it had dismissed every claim Taylor had raised in his Rule 32 petition. Taylor argues that the circuit court’s previous orders, issued on October 23, 2003, had not dismissed all the claims, that the State had never moved for dismissal of some of the claims, and that some claims remained pending. Specifically, Taylor argues that the following claims were not dismissed in the circuit court’s October 23, 2003, orders of partial dismissal:
*137 Claim IV., paragraphs 47-49 (general allegations of ineffective assistance of counsel);
Claim IV.B.l(c), paragraph 66 (allegations of ineffective assistance of counsel related to voir dire examination);
Claim IV.B.4(b), paragraphs 109-15, 118-25 (allegations of ineffective assistance of counsel related to failure to retain experts);
Claim IV.B.4(c), paragraphs 130-35 (allegations of ineffective assistance of counsel related to cross-examination of codefendant Kenyatta McMillan);
Claim IV.B.4(e), paragraphs 141-45 (allegations of ineffective assistance of counsel related to pretrial investigation);
Claim IV.B.5, paragraphs 174-75 (allegations of ineffective assistance of counsel related to á jury instruction).
(Taylor’s brief, at p. 19.)
Taylor argues that Claim IV.B.10 — allegations of cumulative ineffective assistance of counsel — and Claim V.C. — allegations of juror misconduct — also remained pending. The circuit court had initially granted the State’s motion to dismiss Claim IV.B.10 and Claim V.C. on the ground that they had been filed outside the one-year limitations period and were time-barred, see Rule 32.2(c), Ala. R.Crim. P. Subsequently, however, the State, citing Ex parte Gardner, 898 So.2d 690 (Ala.2004), in a letter to the circuit court, acknowledged that those claims were not subject to dismissal for a violation of the limitations period and should be reinstated. (Supp. C. 49-50.)[1] At the February 11, 2004, hearing, the State continued to assert that Claim IV. B.10 and Claim V.C. should not have been dismissed on Rule 32.2(c) grounds, but the parties discussed that portions of those claims had been dismissed on procedural grounds in addition to Rule 32.2(c). After it considered the parties’ arguments and the State’s acknowledgment that the claims should not have been dismissed as time-barred, the circuit court stated: “Okay. That’s fine. As it relates to Claims IV.B.10, V.C., the Court set[s] aside its previous order and will allow discovery to take place on those two claims.” (Feb. 11, 2004, hearing at p. 23.)[2]
The State concedes in its brief to this Court that it had not moved to dismiss all the claims Taylor had raised in his petition and that the circuit court’s partial-dismissal orders had not previously disposed of all claims. The State also concedes that Claims IV.B.10 and V.C. of the petition initially had been improperly summarily dismissed based on Rule 32.2(c) grounds and that the circuit court had reinstated them. Therefore, the State argues in its brief on appeal that this Court should order a limited remand for an evidentiary hearing on those claims that have not been dismissed. The parties’ having agreed that the foregoing claims remained pending after the circuit court entered the orders of partial dismissal, the circuit court erred in entering its August 1, 2005, final order summarily dismissing the petition in its entirety; we therefore remand the cause to the circuit court for resolution of the pending claims.[3]
*138 On remand the circuit court shall conduct a hearing on the allegations not previously dismissed by the circuit court. In lieu of an evidentiary hearing, the circuit court may take evidence by affidavits, written interrogatories, or depositions as provided in Rule 32.9(a), Ala. R.Crim. P. In either event, the circuit court shall make specific findings of fact related to each material issue of fact presented, as required by Rule 32.9(d), Ala. R.Crim. P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. If the circuit court determines that Taylor is entitled to relief on any of the remaining claims, then the court may grant such relief as it deems appropriate.
II.
Taylor argues that the circuit court erred to reversal when it adopted the proposed orders for partial dismissal of the petition submitted by the State. First, Taylor argues that the adoption of the State’s orders created an appearance of bias. Taylor argues, second, that the circuit court erred because it viewed each allegation in the petition separately; Taylor says that the court should have considered the petition as an integrated whole and should not have dismissed any of the claims after a piecemeal analysis.
A.
The adoption of the • State’s proposed orders partially dismissing claims was not error in this case, and it does not warrant reversal.
“Alabama Courts have repeatedly upheld the circuit court’s adoption of proposed orders drafted by the State in postconviction cases. For example, in Hyde v. State, 950 So.2d 344 (Ala.Crim.App.2006), we stated:
‘“Hyde contends that the circuit court erred in adopting the State’s proposed order. Specifically, he argues that there are numerous factual and legal errors in the order that indicate that the order does not represent the court’s own independent judgment, but shows a wholesale adoption of the State’s proposed order without consideration of his claims. However, this Court has repeatedly upheld the practice of adopting the State’s proposed order when denying a Rule 32 petition for postconviction relief. See, e.g., Coral v. State, 900 So.2d 1274, 1288 (Ala.Crim.App.2004), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala.2005), and the cases cited therein. “Alabama courts have consistently held that even when a trial court adopts verbatim a party’s proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous.” McGahee v. State, 885 So.2d 191, 229-30 (Ala.Crim.App.2003).’
“950 So.2d at 371.
*139 “Thus, even when a circuit court adopts a proposed order in its entirety, the petitioner must show that the findings of fact and conclusions of law in that order are ‘clearly erroneous’ before an appellate court will reverse the order solely on the basis that the order was submitted by the State.”
Hodges v. State, 147 So.3d 916, 927 (Ala.Crim.App.2007).
The Alabama Supreme Court recently stated that “appellate courts must be careful to evaluate a claim that a prepared order drafted by the prevailing party and adopted by the trial court verbatim does not reflect the independent and impartial findings and conclusions of the trial court.” Ex parte Ingram, 51 So.3d 1119 (Ala.2010).
Taylor claims only that the circuit court’s adoption of the State’s proposed orders created an appearance of bias and that it adjudicated his claims in an unreasonable manner; he does not argue that the findings and conclusions were not, in fact, those of the circuit court, itself. Nonetheless, we have carefully considered Taylor’s claims regarding the circuit court’s adoption of the State’s proposed orders summarily dismissing many of Taylor’s claims, and we are convinced that those orders represent the findings and conclusions of the circuit court, and we also hold that those findings and conclusions are not clearly erroneous. The court’s orders required an analysis of Taylor’s petition and the State’s answer, along with the record from the trial and the direct appeal; the orders of partial dismissal were not based on the any alleged personal knowledge or observations garnered by the judge during the trial.[4] This distinguishes Taylor’s case from Ex parte Ingram because, in Ingram, the order adopted by the court hearing the Rule 32 petition included a statement that the judge was basing his decision on personal knowledge and observations from the trial and sentencing, although that judge had not, in fact, presided over the trial of the case.
Taylor is entitled to no relief on this claim of error.
B.
Taylor argues that the circuit court erred by not considering his petition as a whole and, instead, by evaluating the allegations of error individually. Taylor contends that the circuit court’s error was particularly prejudicial with respect to his allegation of ineffective assistance of counsel because, he says, he made one ineffective-assistance-of-counsel claim that was supported by many specific factual allegations. The State argues that Alabama law requires a postconviction petitioner to plead with specificity every independent claim raised in the petition. We agree with the State.
Rule 32.6(b), Ala. R.Crim. P., provides:
“The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
Thus, to satisfy the pleading requirements of Rule 32, each claim of a petition must contain a clear and specific statement of the grounds for relief and the underlying facts that, according to the petitioner, provide the basis for the grounds *140 for relief. Even ineffective-assistance-of-counsel claims must be pleaded sufficiently. Coral v. State, 900 So.2d 1274, 1284 (Ala.Crim.App.2004)(“[T]he claim of ineffective assistance of counsel is a general allegation that often consists of numerous specific subcategories. Each subcategory is [an] independent claim that must be sufficiently pleaded.”), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala.2005). Alabama appellate courts have held that the procedural default grounds of Rule 32 apply fully to capital cases in which the death penalty has been imposed. See, e.g., Hunt v. State, 940 So.2d 1041, 1058 (Ala.Crim.App.2005).[5] So, too, the pleading requirements of Rule 32 apply equally to capital cases in which the death penalty has been imposed.
Taylor also contends that the allegations offered in support of a claim of ineffective assistance of counsel must be considered cumulatively, and he cites Williams v. Taylor, 529 U.S. 362,120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). However, this Court has noted: “Other states and federal courts are not in agreement as to whether the ‘cumulative effect’ analysis applies to Strickland claims”; this Court has also stated: “We can find no case where Alabama appellate courts have applied the cumulative-effect analysis to claims of ineffective assistance of counsel.” Brooks v. State, 929 So.2d 491, 514 (Ala.Crim.App.2005), quoted in Scott v. State, [Ms. CR-06-2233, March 26, 2010] — So.3d —, — (Ala.Crim.App.2010); see also McNabb v. State, 991 So.2d 313, 332 (Ala.Crim.App.2007); and Hunt v. State, 940 So.2d 1041, 1071 (Ala.Crim.App.2005). More to the point, however, is the fact that even when a cumulative-effect analysis is considered, only claims that are properly pleaded and not otherwise due to be summarily dismissed are considered in that analysis. A cumulative-effect analysis does not eliminate the pleading requirements established in Rule 32, Ala. R.Crim. P. An analysis of claims of ineffective assistance of counsel, including a cumulative-effect analysis, is performed only on properly pleaded claims that are not summarily dismissed for pleading deficiencies or on procedural grounds. Therefore, even if a cumulative-effect analysis were required by Alabama law, that factor would not eliminate Taylor’s obligation to plead each claim of ineffective assistance of counsel in compliance with the directives of Rule 32.
Taylor is not entitled to relief on either claim of error raised.
III.
Taylor argues that the circuit court erred when it dismissed, on procedural-bar grounds and for pleading deficiencies, numerous substantive claims and claims of ineffective assistance of counsel. See Rules 32.2, 32.3, 32.6(b), and 32.7(d), Ala. R.Crim. P. Taylor argues that none of the allegations in his Rule 32 petition should have been dismissed on the ground they were not pleaded with specificity because, he says, the allegations contained clear and specific facts. He also claims that each of the dismissed allegations presented material issues of fact or law and that none were procedurally barred or precluded.
A. Pleading Requirements in Rule 32
Rule 32.3 states that “[t]he petitioner shall have the burden of pleading and *141 proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.6(b) states that “[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.” In Boyd v. State, 913 So.2d 1113, 1125 (Ala.Crim.App.2003), this Court stated:
“ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’ Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion “which, if true, entitle[s] the petitioner to relief.’ Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those alleged facts.”
In Hyde v. State, 950 So.2d 344 (Ala.Crim.App.2006), this Court recognized:
“The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App.2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,’ Strickland v. Washington, 466 U.S. 668, 690,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
950 So.2d at 356.
“Moreover,
“ ‘An evidentiary hearing on a coram nobis petition [now Rule 32 petition] is required only if the petition is “meritorious on its face.” Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). A petition is “meritorious on its face” only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala.1986).’
“Moore v. State, 502 So.2d 819, 820 (Ala.1986). Contrary to [the petitioner’s] assertions, he was required to plead specific facts to support each of his claims in order to satisfy the pleading requirements of Rule 32.6(b), Ala. R.Crim. P.”
Lee v. State, 44 So.3d 1145, 1150-51 (Ala.Crim.App.2009).
*142 Rule 32.7(d), Ala. R.Crim. P., provides, in relevant part:
“If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
As explained below, we conclude that the circuit court properly dismissed the claims that Taylor now contends were sufficiently pleaded, created material issues of fact or law, or were not precluded.
B. Rule 28(a) (10), Ala. R.App. P., Compliance
Before we examine the claims of the petition, we are compelled to address whether a majority of the arguments Taylor presents in his brief on this issue comply with Rule 28(a)(10), Ala. R.App. P. That rule provides that an appellant’s brief must contain
“[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.... Citations shall reference the specific page number(s) that relate to the proposition for which the case is cited....”
Parts III.C.2 — III.C.5 and portions of Part III.D. of Taylor’s brief consist almost entirely of scant summaries of the claims from Taylor’s petition that, he says, should not have been summarily dismissed. At one point, Taylor acknowledges the briefs lack of substantive legal analysis; in a footnote in the introductory section of the portion of the brief in which Taylor contends the circuit court erred when it summarily dismissed claims for pleading deficiencies, Taylor stated:
“Because the Pleading Order dismissed certain of Mr. Taylor’s claims based on Rules 32.8 and 32.6(b) — pleading rules that go to the legal sufficiency of the allegations — Mr. Taylor focuses in this section on the facts of those claims. In his Rule 32 Petition, Mr. Taylor also made extensive legal arguments based on these facts.”
(Taylor’s brief, at p. 41 n. 9.)
Making a nonspecific reference to “extensive legal arguments” in the Rule 32 petition does not comply with Rule 28(a)(10). Likewise, in many of the arguments in Parts III.C. and III.D. of his brief, Taylor makes only general allegations and refers only to paragraphs of the petition without presenting any substantive legal or factual argument at all in an attempt to demonstrate that the circuit court erred when it dismissed those claims.
We are aware that application of Rule 28(a)(10) to find a waiver of arguments in an appellate brief has been limited to those cases in which the appellant presents general assertions and propositions of law with few or no citations to relevant legal authority, resulting in an argument consisting of undelineated general propositions unsupported by sufficient legal authority or argument. Although Rule 28(a)(10) is to be cautiously applied, it has been applied recently by the Alabama Supreme Court and by this Court when appropriate. E.g., Ex parte Theodorou, 53 So.3d 151 (Ala.2010); Jefferson County Comm’n v. Edwards, 32 So.3d 572 (Ala.2009); Slack v. Stream, 988 So.2d 516 (Ala.2008); James v. State, 61 So.3d 357 (Ala.Crim.App.2006) (opinion on remand from Alabama Supreme Court); Scott v. State, [Ms. CR-06-2233, March 26, 2010] — So.3d —(Ala.Crim.App.2010); *143 Baker v. State, 87 So.3d 587 (Ala.Crim.App.2009); Lee v. State, 44 So.3d 1145 (Ala.Crim.App.2009); Bush v. State, 92 So.3d 121 (Ala.Crim.App.2009); and Franklin v. State, 23 So.3d 694 (Ala.Crim.App.2008).
In Scott v. State, this Court stated:
“‘Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.’ Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument.’ Ex parte Riley, 464 So.2d 92, 94 (Ala.1985) (citations omitted). ‘When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research.’ City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998).”
Scott v. State, — So.3d at —See also Hamm v. State, 913 So.2d 460, 486 n. 11 (Ala.Crim.App.2002) (“Applying the federal counterpart to Alabama’s Rule 28, Ala. R.App. P., the United States Court of Appeals for the Eighth Circuit stated, ‘[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities. See United States v. Wadlington, 233 F.3d 1067, 1081 (8th Cir.2000); United States v. Gonzales, 90 F.3d 1363, 1369 (8th Cir.1996); see also United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) (“Judges are not like pigs, hunting for truffles buried in briefs.”).’ U.S. v. Stuckey, 255 F.3d 528, 531 (8th Cir.2001).”).
As the State correctly argues in its brief on appeal, many “arguments” in Taylor’s brief consist of little more than a cursory summary of the claims from the petition. Examples of a few of Taylor’s complete arguments on issues raised in his brief are quoted below for illustrative purposes:
“(g) Claim IV.B.6 [of the petition]
“Dismissed claim IV.B.6 alleges that trial counsel’s failure to contemporaneously object to numerous trial errors deprived Mr. Taylor of a fair and reliable trial and an effective appeal. Claim IV.B.6 lists many specific errors to which trial counsel should have objected. (C. 915.) It alleges in detail grounds for relief and the underlying facts.”
(Taylor’s brief, at pp. 54-55.)
“(h) Claim IV.B.9 [of the petition]
“Dismissed claim IV.B.9 alleges that trial counsel was ineffective in part because of grossly inadequate compensation. Claim IV.B.9 sets forth the statutory maximum compensation that court-appointed attorneys in capital cases could have earned at the time of Mr. Taylor’s trial and then provides substantial case law to show that this level was inadequate. (C. 918-919.) Claim IV.B.9 is well-pleaded.”
(Taylor’s brief, at p. 55.)
“(a) Claim. VI.A [of the petition]
“Claim VI.A alleges that the trial court was legally disqualified from presiding over Mr. Taylor’s trial. Claim VI.A presents the specific fact that the trial judge had received campaign contributions from Mr. Taylor’s own attorneys in the amount of $1000. (C. 937) Claim VI.A cites to Alabama law to show why these contributions required the trial judge to recuse himself. (C. 937-939.) *144 Claim VI.A alleges grounds for relief and the underlying facts.”
(Taylor’s brief, at pp. 56-57.)
“(b) Claim VLB [of the petition]
“Claim VLB. alleges that Mr. Taylor’s constitutional rights were violated inasmuch as he was tried and sentenced to death by an elected judge in the midst of an elected campaign. Here, Mr. Taylor starts from the bedrock legal proposition that a defendant is entitled to a fair trial before an impartial judge. He then presents several pages of factual assertions as to why elected judges cannot be impartial. (C. 940-946.) Claim VLB alleges grounds for relief and the underlying facts.”
(Taylor’s brief, at p. 57.)
“Claim VII.D alleges that the State apparently failed to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963). Claim VII.D lists several pieces of exculpatory and impeachment evidence that the State apparently failed to provide to Mr. Taylor, including disciplinary or investigative records of a testifying detective and statements made by key witnesses, including Mr. Taylor’s co-defendant. Thus, Claim VII.D alleges grounds for relief and the underlying facts. (C. 952-953.)”
(Taylor’s brief, at p. 58.)
“(d) Claim III. C [of the petition]
“Claim III.C alleges that the death penalty is unconstitutional in light of its unreliable application. (C. 850-852.) In support of this claim, Mr. Taylor alleges significant reliability problems with the application of the death penalty in Alabama, including a 68% error rate. (C. 850.) At a minimum, the unreliability of the death penalty presents a material issue of law.”
(Taylor’s brief, at p. 61.)
“(p) Claim IV.B. 7 [of the petition]
“Claim TV.B.7 alleges that trial counsel’s failure to adequately pursue a motion for a new trial undermined the reliability of Mr. Taylor’s conviction. (C. 915-917.) This allegation makes clear that trial counsel’s failure to fully investigate and prepare for the hearing deprived Mr. Taylor of an opportunity to show coercion of a witness favorable to Mr. Taylor. This presents material issues of law.”
(Taylor’s brief, at p. 71.)
“(b) Claim VII.C [of the petition]
“Claim VII.C alleges that the evidence as to the ‘heinous, atrocious or cruel’ aggravator was insufficient as a matter of law. (C. 949-952.) This allegation is supported by nearly four pages of legal argument supported by facts and presents material issues of law.”
(Taylor’s brief, at p. 74.)
In Part III.C.2(e) of the brief, Taylor cited only to a circuit court case, which has no precedential authority and is not binding on this Court. (Taylor’s brief, at pp. 50-51.)
Clearly, Taylor’s cursory summary of the allegations of the petition — with a citation only to the paragraphs of the petition in many arguments of the brief, and in other portions of the brief only to paragraphs of the petition and undelineated general principles of law — does not comport with Rule 28(a)(10). For many of the issues raised in the brief, Taylor presents no discussion of the facts or the law in .the form of an argument demonstrating why the circuit court’s dismissal of the specific claims was in error. Accordingly, we hold that Taylor has waived for purposes of appellate review in this Court those argu *145 ments in his brief, listed below, that fail to comply with the requirements of Rule 28(a)(10):
III.C.l — death by lethal injection;
III.C.2(a)-(h); III.D.2(a)-(r); and III. D.B(b) — ineffective assistance of counsel;
III.C.3(a); III.D.3(a)-(b) — the jury was not impartial;
III.C.4(a)-(c) — the judge was not impartial;
III.C.5 — prosecutorial misconduct;
III.D.l(c) and (e) — constitutionality of the death penalty; and
III.D.4(a)-(d) — capital sentencing, voir dire, rulings at trial.
Moreover, having reviewed Taylor’s petition thoroughly — along with the circuit court’s orders and the record in this case, even if we had addressed what we understand to have been Taylor’s arguments in his brief to this Court, we would nonetheless affirm the circuit court’s dismissal of each of those claims. The circuit court correctly determined that Taylor failed to plead many of the claims with the specificity required by Rule 32, and the remaining allegations were proeedurally barred or failed to state a claim for which relief was due to be granted.
C. Issues in Compliance with Rule 28(a) (10), Ala. R.App. P.
We address below those issues for which Taylor has provided at least minimally sufficient authority and argument in his brief to this Court.
1. Ring/Apprendi claim
In part III.D.1(a) of his brief, Taylor argues that the circuit court erred when it summarily dismissed the claim alleging that Alabama’s capital-murder statute is unconstitutional on its face and as applied to him, because, he says, the statute gives judges and not juries the power to make fact-findings on which the death penalty is predicated, and that it violates Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The United States Supreme Court in Apprendi held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490. This holding was extended to death-penalty cases in Ring.
The circuit court correctly dismissed this claim because it fails to present a material issue of law or fact that would entitle Taylor to relief. Rule 32.7(d), Ala. R.Crim. P. First, the circuit court correctly dismissed the claim because the Alabama Supreme Court has determined that Alabama’s capital-sentencing scheme is not unconstitutional under Ring and Apprendi. Ex parte Waldrop, 859 So.2d 1181 (Ala.2002); see also Vanpelt v. State, 74 So.3d 32 (Ala.Crim.App.2009); and Sharifi v. State, 993 So.2d 907 (Ala.Crim.App.2008).
Second, because Ring — announcing a procedural rule rather than a substantive rule — does not apply retroactively to postconviction cases, it does not apply to Taylor whose conviction became final before Ring was decided.[6] E.g., Boyd v. State, 913 So.2d 1113, 1146 (Ala.Crim.App.2003). See also Hall v. State, 979 So.2d 125, 177 (Ala.Crim.App.2007), and cases cited therein (holding that Apprendi and *146 Ring are not applied retroactively to cases on collateral review).
The circuit court’s summary dismissal of Taylor’s claim regarding the constitutionality of Alabama’s capital-sentencing scheme was, therefore, correct and is due to be affirmed.
2. Arbitrary imposition of the death penalty
In part III.D.1(b) of his brief, Taylor argues that the circuit court erred when it summarily dismissed the claims in which he alleged that Alabama’s capital statute permits the arbitrary imposition of the death penalty because, he says, a sentencing judge may disregard a jury’s recommendation for any reason or for no reason at all. See Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). To the extent Taylor’s claims are that the Alabama’s capital statute allows the standardless override of a jury’s sentencing recommendation, results in the arbitrary imposition of the death sentence, and provides for no standard of appellate review, these claims could have been raised at trial but were not. Therefore, the circuit court correctly dismissed the claims on Rule 32.2(a)(3) grounds. Additionally, the claims were raised and addressed on appeal by this Court, Taylor v. State, 808 So.2d 1148, 1190 (Ala.Crim.App.2000), and were also considered by the Alabama Supreme Court and were rejected, Ex parte Taylor, 808 So.2d 1215 (Ala.2001). Therefore, the claims were procedurally barred and were due to be dismissed for this additional reason. Rule 32.2(a)(4), Ala. R.Crim. P. Although the circuit court did not apply this procedural-bar ground, this Court may affirm the circuit court’s ruling if it is correct for any reason. E.g., Lee v. State, 44 So.3d 1145 (Ala.Crim.App.2009).[7] Taylor is entitled to no relief on these claims of error.
3. Method of execution
In claim III.D.1(d) of his brief, Taylor argues that the circuit court erred when it dismissed the claim alleging that death by electrocution constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, citing Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), and State v. Mata, 745 N.W.2d 229 (Neb.2008). The circuit court dismissed the claim, finding that it could have been raised and addressed at trial, but was not. Rule 32.2(a)(3), Ala. R.Crim. P. The circuit court also held that the claim was preclud *147 ed because it was raised and addressed on direct appeal. Rule 32.2(a)(4), Ala. R.Crim. P. The circuit court correctly dismissed the claim on those grounds, and we affirm its judgment. See Taylor v. State, 808 So.2d 1148, 1203 (Ala.Crim.App.2000) (addressing electrocution claim). Furthermore, the circuit court correctly dismissed the claim on Rule 32.7(d) grounds; because the Alabama Legislature amended the statute providing for the method of executions and because the primary method of execution in Alabama is now lethal injection, § 15-18-82(a), Ala.Code 1975, Taylor’s argument about electrocution is now moot. E.g., Johnson v. State, 120 So.3d 1130 (Ala.Crim.App.2009).
4. Procedurally barred claims
In Part III.E. of his brief Taylor argues that the circuit court erred when it dismissed substantive claims[8] from his petition on Rule 32.2(a) procedural-bar grounds because, he says, each of those claims was alleged as an integral element of his claim of ineffective assistance of counsel. Taylor also alleges that the purported failure to raise the substantive claims at trial or on appeal was excused by prior counsel’s ineffectiveness. We disagree with both arguments.
First, Taylor cites no legal authority regarding his first proposition — that a substantive claim for relief is not subject to dismissal on procedural-bar grounds when that substantive claim is also an element of a claim of ineffective assistance of counsel — and we know of no such legal authority to support that claim. To the contrary, it is clear that separate substantive claims underlying a claim of ineffective assistance of counsel may be dismissed on procedural-bar grounds. E.g., Hooks v. State, 21 So.3d 772, 794 (Ala.Crim.App.2008).
Second, quoting Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), Taylor argues that any procedural default was the result of the ineffectiveness of trial and appellate counsel and that the circuit court should have excused the default or, at least, conducted a hearing to allow him to demonstrate grounds for the default. Alabama has never recognized the “cause and prejudice” exception to the application of the Rule 32 procedural bars:
“Although in federal court a habeas petitioner can allege that the ineffective assistance of counsel was ‘cause and prejudice’ to excuse a procedural default, e.g., Murray v. Carrier, All U.S. 478, 488 (1986), Alabama state courts in postcon-viction proceedings do not recognize the cause and prejudice exception. We recently stated, ‘Alabama has never recognized any exceptions to the procedural default grounds contained in Rule 32, Ala.R.Crim.P. We have repeatedly stated that the procedural bars in Rule 32 apply equally to all cases, including those in which the death penalty has been imposed.’ Hooks v. State, 822 So.2d 476, 481 (Ala.Crim.App.2000).”
Hamm v. State, 913 So.2d at 493.
Therefore, we affirm the circuit court’s dismissal of the following claims Taylor lists in his brief on appeal:
*148 Claim III.A.-D.—constitutionality of Alabama’s death-penalty statute;
Claim V.A. and B.—right to an impartial jury;
Claim VI.A.-C.—right to an impartial trial court.

Conclusion

For the reasons explained in Part I of this opinion, this cause is remanded to the circuit court for resolution of those claims that the parties agreed had not been dismissed by the orders of partial dismissal; Taylor is entitled to the opportunity to prove the allegations in those claims and to establish that he is entitled to relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 90 days of the release of this opinion.
We affirm the circuit court’s judgment as to remaining issues raised by Taylor in his brief on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS. *
WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.

. "(Supp. C._)" refers to pages from the supplemental record filed with this Court on April 11, 2008.

. The transcripts of the hearings in this case are separately paginated, so citations to the hearings are designated by the date of the hearing, with the relevant page numbers.

.We are aware that the circuit court dismissed Claim IV.B.10, paragraphs 186-87, and Claim V.C., paragraph 214B, on grounds in addition to the incorrectly applied limitations bar. The circuit court dismissed those portions of the claims on the ground that they failed to state a material issue of law or fact, see Rule 32.7(d). (C. 1538-39.) The court *138 also dismissed those portions of Claim IV. B.10 and Claim V.C. on the ground that they were not sufficiently pleaded, see Rules 32.3 and 32.6(b). (C. 1528.) It is unclear from the record whether the circuit court intended to set aside the dismissal of those claims entirely or whether it intended only to set aside the dismissal it had entered based on the one-year limitations period. On remand, the circuit court may reaffirm its dismissal of those claims on any of those additional grounds. If the circuit court reaffirms its earlier dismissal of paragraphs 186-87 of Claim IV.B.10 and paragraph 214B of Claim V.C. on the alternative grounds, the circuit court must clarify its order and state that it intended only to set aside the dismissal of those claims as it related to the limitations bar but that the dismissal on other grounds was intended to stand.

. Nor could they, because the judge presiding over the Rule 32 proceeding was not the judge who presided over the trial of the case, so observations based on personal knowledge from trial could not have been made in this proceeding.

. We recognize that, in Ex parte Ward, 46 So.3d 888 (Ala.2007), the Alabama Supreme Court held that the time limitation for filing a petition, imposed in Rule 32.2(c), may be suspended in limited, exceptional circumstances. The Court stated "that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence." 46 So.3d at 897. However, the equitable-tolling exception has no application in this case.

. Taylor's petition for certiorari review was pending in the Alabama Supreme Court when Apprendi was decided, and the certificate of judgment was issued and the case became final after Apprendi was decided, but before Ring was decided.

. As the Alabama Supreme Court explained in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003):
"Nonetheless, this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. Ex parte Ryals, 775 So.2d 1011 (Ala.2000), citing Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala.2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala.2003)).”
881 So.2d at 1020. None of the limitations to affirming a trial court’s judgment on grounds different than those found by the trial court are present here.

. Taylor lists in footnote 10 of his brief the claims that he says the circuit court dismissed on Rule 32.2(a) procedural-bar grounds. Two of the claims from the petition Taylor has listed — Claims IV.B. and VII.D. — were not dismissed by the circuit court on procedural-bar grounds (C. 1463-67), so we do not consider them here. Other claims that were dismissed by the circuit court on procedural-bar grounds but were not listed by Taylor in his argument on this issue — Claims VII.A.-C., E., and F. of the petition — are deemed abandoned and will not be considered.

 Note from the reporter of decisions: Following extensions of time in which to file the return to remand and briefing on return to remand, this case was not resubmitted on return to remand until November 5, 2012. On April 26, 2013, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 13, 2013, that court denied rehearing, without opinion. On April 25, 2014, the Supreme Court denied certiora-ri review, without opinion (1130313).